UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONES SAGESSE,

    Petitioner,

v.                                         Case No.:  2:23-cv-7-SPC-KCD

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## **OPINION AND ORDER**

Before the Court is Petitioner Rones Sagesse's Motion for Rehearing (Doc. 27). Sagesse is a prisoner of the Florida Department of Corrections. He was convicted of two counts of aggravated assault on a law enforcement officer and sentenced to 25 years' imprisonment after evidence at trial showed he pointed a gun at two sheriff's deputies responding to a 911 call. This Court denied Sagesse's amended petition for a writ of habeas corpus. (Doc. 24). Sagesse asks the Court to reconsider that decision.

Reconsideration of a prior order is an extraordinary measure that should be applied sparingly. *Adams v. Beoneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020). Court orders are not intended as first drafts subject to revisions at a litigant's pleasure, so a movant must establish extraordinary circumstances supporting reconsideration. *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*,

108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015). "A motion for reconsideration should raise new issues, not merely readdress issues previously litigated." *PaineWebber Income Props. v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).

Sagesse presents no extraordinary circumstances that warrant reconsideration. His motion asserts four claims. The first two claims merely attempt to relitigate issues the Court already decided. Claim 1 challenges the sufficiency of the evidence presented against him at trial, and Claim 2 challenges the admissibility of Sagesse's statement to police. The Court rejected these claims as unexhausted when it denied Sagesse's habeas petition. (*See* Doc. 24 at 9, 11-13). Sagesse acknowledges his remaining arguments are also unexhausted and procedurally barred. In Claim 3, Sagesse challenges some of the evidence the state used to prove he had a gun, and in Claim 4, Sagesse argues the state trial court should have appointed counsel to represent him after he fired his court-appointed counsel mid-trial. As Sagesse acknowledges, these arguments are procedurally barred. The Court finds no exceptions to the procedural bar applicable here. As such, it would be futile to reopen this case.

Accordingly, Petitioner Rones Sagesse's Motion for Rehearing (Doc. 27) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this on October 25, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record